1

2

3

4

5

FILED

06 OCT -4 PM 2: 41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____  DEPUTY

6

7

8           UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  CATHY REIS, et al., | CASE NO. 04CV01883 BEN (BLM) |
| 12                          Plaintiffs, | **ORDER DENYING MOTION FOR RECONSIDERATION [Docket No. 22]** |
|         vs. | |
| 13  FANNIE MAE, et al., | |
| 14 | |
|                          Defendants. | |

15

16          In July 2005, the Court dismissed Plaintiffs' action for improper venue. Specifically, the

17 Court found that the forum selection clause in the agreement between the parties was "valid and

18 enforceable" and that it "restrict[ed] venue to the District of Columbia . . . ." In April 2006,

19 Plaintiffs filed a "Motion to Set Aside and Vacate Dismissal with Prejudice", which the Court

20 deems to be a motion for reconsideration governed by the Federal Rule of Civil Procedure 60. The

21 motion is **DENIED**.

22          Federal Rule of Civil Procedure 60(b)(1) permits the court to permits a district court to

23 relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise,

24 or excusable neglect; . . . or . . . (6) any other reason justifying relief from the operation of the

25 judgment." Fed. R. Civ. P. 60(b).[1]

26 _____

27     [1] Rule 60(b) also provides for relief if:

28     (2) newly discovered evidence which by due diligence could not have been discovered in time
       to move for a new trial under Rule 59(b); (3) fraud . . . of an adverse party, . . .; (4) the

- 1 -                                        04CV01883

1    "Whether or not to grant reconsideration is committed to the sound discretion of the court."

2    Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046

3    (9th Cir. 2003) (citation omitted); see also Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en

4    banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the

5    court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634

6    F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514

7    (9th Cir. 1987).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read

8    as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement,

9    791 F.2d 1334, 1338 (9th Cir.1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir.

10   1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

11         A "motion for reconsideration must accomplish two goals.  First, a motion for

12   reconsideration must demonstrate reasons why the court should reconsider its prior decision.

13   Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to

14   induce the court to reverse its prior decision." Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp.

15   429, 430 (D. Haw. 1996) (citation omitted).  Motions for reconsideration are disfavored, and are

16   not the place for parties to make new arguments not raised in their original briefs.  See Northwest

17   Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988).  Nor is

18   reconsideration to be used to ask the Court to rethink what it has already thought.  See United

19   States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz.1998).  See also 389 Orange Street

20   Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) ("[A] motion for reconsideration should not

21   be granted, absent highly unusual circumstances, unless the district court is presented with newly

22   discovered evidence, committed clear error, or if there is an intervening change in the controlling

23   law.") (citation omitted)).

24         Against this backdrop, the Court has reviewed Plaintiffs' motion and finds that Plaintiffs

25   _____

26        judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior
         judgment upon which it is based has been reversed or otherwise vacated, or it is no longer
27        equitable that the judgment should have prospective application . . . .

28   These clauses are inapplicable here, and Plaintiffs do not argue otherwise.

1  have not met their burden to set aside the Order dismissing this action.  Neither Plaintiffs' motion

2  nor their accompanying declarations set forth grounds demonstrating that Plaintiffs are entitled to

3  relief from the Order.  Plaintiffs' main ground for relief appears to be that their former counsel

4  failed to allege the correct claims in their operative First Amended Complaint:

5      The Breach of Contract claim that cause the case to be dismissed was not the theory that
       [Plaintiff] Reis had intended fro her attorney to present to the court.  This was a fraud case;
6      therefore, the claims that should have been filed should have included Intentional Tort,
       Theft of Trade Secrets, Copyright, and Trademark Dilution.
7

8  However, Plaintiffs fail to argue how these new claims would have changed the outcome of the

   Court's prior ruling or rendered the applicable forum selection clause in the parties' agreement
9

   unenforceable.  Plaintiffs do not argue that the Court's ruling was erroneous.  There are no
10

   extraordinary circumstances justifying setting aside the order.  Accordingly, Plaintiffs' motion is
11

12 **DENIED.**

13    **SO ORDERED.**

14 DATED: _10/04/06_                          _____
                                             ROGER T. BENITEZ
15                                           United States District Judge

16 cc: All parties and respective counsel

17

18

19

20

21

22

23

24

25

26

27

28